IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00337–KMT

WADE NOFLIN,

    Plaintiff,

v.

GARFIELD COUNTY (COLORADO) GOVERNMENT,

    Defendant.

---

## ORDER

---

This matter is before the court on "Defendant's Motion for Partial Dismissal" (Doc. No. 11 [Mot.], filed April 13, 2017). Plaintiff filed his response on May 8, 2017 (Doc. No. 16 [Resp.]).[1]

### STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, filed his Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 ("Title VII") on February 6, 2017, asserting the defendant discriminated against him because of his race and age. (*See* Doc. No. 1 [Compl.].) Plaintiff states he was "talking to a person that was pretending to be 19 years old" during a drug sting operation. (*Id.* at 4.) Plaintiff states he was never charged with anything, but the information about the sting operation was conveyed to his employer, and Plaintiff was terminated on August 3, 2015. (*Id.* at 3-4) Plaintiff believes his involvement in the sting operation and subsequent

---

[1] Though Defendant has not filed a reply, the court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d).

termination was "racial profiling, harassment, and entrapment" (*Id.* at 4.) Plaintiff asserts claims for discrimination on the bases of race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* ("ADEA")[2]. (*See id.* at 2, 4–6.) Plaintiff also asserts claims for "defamation and questioning the County's Conflict of Interest stance" and "hostile environment and verbal abuse by [his] supervisor." (*See id.* at 7–9.) Plaintiff seeks compensatory damages, punitive damages, and costs and fees. (*Id.* at 10.)

Defendant moves to dismiss Plaintiff's common law claims for lack of jurisdiction. (*See* Mot.)

## STANDARDS OF REVIEW

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v.*

---

[2] Plaintiff's Complaint does not reference the ADEA, but he alleges age discrimination in violation of federal law.

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

B.  *Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v.*

*Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

**ANALYSIS**

Defendant moves to dismiss Plaintiff's state law claims for lack of subject matter jurisdiction, arguing Plaintiff failed to comply with the notice requirement mandated by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24–10–109. (Mot. at 3–5.)

Defendant states that Plaintiff's Second Claim for Relief for "defamation and questioning the County's Conflict of Interest stance[3]" and Third Claim for Relief for "hostile work environment and verbal abuse by [his] supervisor" are claims sounding in tort that must be dismissed.[4] (Mot. at 3.) The "court must consider the nature of the relief sought to determine whether a particular action 'lies in tort or could lie in tort' within the meaning of the CGIA."

---

[3] In a memorandum to Plaintiff advising him that his termination had been upheld, the Acting County Manager noted that "[Plaintiff's] actions could reasonably have resulted in an actual or apparent conflict of interest between [Plaintiff] and the Garfield County Department of Human Services." (Compl. at 68-69.) Even construing Plaintiff's Complaint liberally, as this court must, *Trackwell*, 472 F.3d at 1243, Plaintiff does not appear to claim that the Acting County Manager defamed him by issuing this memorandum. However, Plaintiff also does not state a clear claim, and the court is unable to discern one, related to his "questioning" of the County's conflict of interest stance. It is not a proper function of the court to assume the role of advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

[4] To the extent Plaintiff asserts a hostile work environment claim under Title VII, Defendant does not seek to dismiss the claim.

4

*City of Colo. Springs v. Conners*, 993 P.2d 1167, 1176 (Colo. 2000). The court "should determine whether an action is one for 'injury which lies in tort or could lie in tort' under the [Colorado Civil Rights Act ("CCRA")] by assessing whether the plaintiff seeks compensation for personal harms." *Id.* Relief provided by the CCRA does not recompense a plaintiff for tort-like "personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages." *Id.* at 1175 (quoting *United States v. Burke*, 504 U.S. 229–239 (1992), *modified on other grounds by* The Small Business Protection Act of 1996, Pub. L. No. 104–188, § 1605, 110 Stat. 1838). Rather, the CCRA provides remedy for victims of prohibited discrimination for "claims [that] are non-compensatory and equitable in nature, designed only to make the claimant whole in a particular setting. Hence, these claims are not for injuries which lie in tort for the purposes of the CGIA." *Id.* at 1176.

Regarding the hostile work environment claim, Plaintiff seeks non-compensatory equitable relief in the form of lost past income, lost future income[5], and "measures to overcome" the alleged discriminatory behavior. (Compl. at 10) The relief is properly based on the general remedial purposes of the CCRA, which "discourage[s] workplace discrimination and place[s] victims of discrimination in the employment and wage positions they would have been in but for the discriminatory conduct." *Id.* at 1177. Claims seeking this type of relief do not lie in tort within the meaning of the CGIA, and the CGIA does not provide government immunity from those claims. *Id.* Thus, Plaintiff was not required to comply with the notice provisions of the CGIA as to his hostile work environment claim.

---

[5] Front and back pay are equitable remedies. *McCue v. Kansas*, 165 F.3d 784 (10th Cir. 1999).

Plaintiff's claim for defamation is a claim for "personal harm." *See id.* at 1176. Thus, the defamation claim lies in tort. However, under the CGIA, a public entity is immune from liability that lies in tort or that could lie in tort unless the tort is one of six exceptions enumerated in section Colo. Rev. Stat. § 24–10–106. *Gallagher v. Bd. of Trustees for the Univ. of N. Colo.*, 54 P.3d 386, 394 (Colo. 2002), *overruled on other grounds by Martinez v. Estate of Bleck*, 379 P.3d 315, 322 (Colo. 2016). The Colorado Supreme Court has held that defamation is a state claim that is not one of the enumerated exceptions to tort immunity set forth in the CGIA. *Id.* at 395. Thus, the court lacks subject matter jurisdiction over Plaintiff's Second Claim for Relief for defamation.

WHEREFORE, for the foregoing reasons, it is

**ORDERED** that "Defendant's Motion for Partial Dismissal" (Doc. No. 11) is **GRANTED** in part and **DENIED** in part as follows:

1. The motion is **DENIED** as to Plaintiff's Third Claim for Relief for hostile work environment; and

2. The motion is **GRANTED** as to Plaintiff's Second Claim for Relief for defamation, which is dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 12th day of May, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge